THE STATE OF TENEESSEE *v.* DAVID GODDARD, MOSES ELLIOTT and W. C. CONNER.

1. COUNTY COURT. *Personal liability of members for nonfeasance.* The members of a county court are not liable to the State for loss of public revenue resulting from their failure to take bond from the revenue collector, before allowing him to collect revenue.

2. REVENUE OFFICER. *Bond.* Any revenue officer failing to file his bond in the time prescribed by law, vacates his office by such failure, and if he perform any official act without having first given bond, he is liable to criminal prosecution.

FROM BLOUNT.

Appeal in error from the Circuit Court of Blount county. E. T. HALL, J.

ATTORNEY-GENERAL LEA and R. N. HOOD for the State.

. A. CALDWELL & SON for Goddard *et als.*

DEADERICK, C. J., delivered the opinion of the court.

This is an action of trespass on the case against defendant Goddard as the Chairman of the County

Court, and the other defendants as associate justices of the County Court of Blount county.

One J. C. Edmondson was revenue collector for 1869, and as such, collected a large amount of taxes due the State, and was insolvent, and failed to execute bond and give security for the faithful performance of his duty as revenue collector for that year.

Defendants were present in court, acting as justices thereof, at the term at which the collector should have given bond, and it is for this failure to execute bond with security, or the failure and omission of the justices to take bond, etc., that this suit is instituted.

It is made the duty of the person elected revenue collector to enter into bond with security, which bond the clerk of the County Court is required to produce to the Judge of the Circuit Court, at his first term after it is taken, for his examination and approval, and if approved it is to be forwarded to the Comptroller. Code, section 728–9.

If, after the election, for a period of four months, no bond is received by the Comptroller, it is made his duty to give notice of the fact. Section 722.

The statute does not impose upon the Justices or County Court the duty of compelling the revenue collector to execute bond. But it provides, if for any cause such bond was not taken at the proper time, that it may be taken at the next or any subsequent term. Nor is there any statute that makes the Justices or County Court personally liable for failure to take a proper bond, at the proper time. But the officer failing to file his bond in the time prescribed

Insurance Co. *v.* Morris.

by law, vacates his office by such failure, and if he perform any official act without having first given bond, he subjects himself to a criminal prosecution.

Judgment and verdict were for the defendants, and we think there is no error in the record, and the same will be affirmed.